UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAWRENCE H. PUCH and JENNIFER C. PUCH, )
)
Plaintiffs, )
)
v. )
)
VILLAGE OF GLENWOOD, ILLINOIS, KEVIN )
WELSH, GLENWOOD CHIEF OF POLICE, )
Individually and in his official capacity; OFFICER )
TH. JOHNSON, Glenwood Police Department, )
Individually and in his official capacity; OFFICER JOE )
WILLETT, Glenwood Police Department, Individually )
and in his official Capacity; the GLENWOOD POLICE )
DEPARTMENT, OTHER UNKNOWN OFFICERS )
of the Glenwood Police Department, and OTHER )
UNKNOWN OFFICERS, )
)
Defendants. )

Case No. 05 C 1114

Judge Joan B. Gottschall
Magistrate Judge Mason

**FILED**
JUL 02 2009 EA
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION FOR STAY PENDING APPEAL
## AND RESPONSE TO ORDER TO SHOW CAUSE

Although I am providing the attached list of documents produced during the litigation and of persons to whom I have provided such documents, as required by the Court's order of May 20, 2009, and although I have refrained from further disclosing such documents unless and until the Court's order is either stayed or overturned, I am complying with the Order under protest, and in fact I ask that the order be stayed, for the following reasons:

1. Documents were provided to me in discovery pursuant to the Court's Order on September 12, 2006, Docket Entry No. 87, which granted the motion to compel discovery that I filed on September 1, Docket No. 82. Defendants opposed my motion in Docket No. 85, filed on September 11. Defendants did not raise any issues of confidentiality or privilege in opposing my motion; they argued only that the documents were not relevant to any of the issues in the

case.

2. On April 23, 2009, Document No. 207, defendant Village of Glenwood filed a motion for the return of its documents, claiming that I had improperly made public a document that I had obtained in discovery. The basis for this contention was that I had sent a letter to the mayor and trustees of Glenwood, dated February 9, 2009, calling attention to an accusation of sexual abuse that had been made against a Glenwood police officer, Officer Willett, by Sheryl Sexton, and asking whether it was true that her lawsuit had been settled for $250,000. I attached a copy of her handwritten complaint against that police officer to the letter. I also posted both the letter and the attached complaint on my web site at glenwoodgossip.com.

3. In its motion, defendant Village of Glenwood asserted that my dissemination of this document, and my reference to its contents, constituted a misuse of documents that I had obtained in discovery. However, defendant did not claim that any of the documents provided in discovery were in any way confidential or privileged. Its only argument was that these were not public records.

4. Although it is true that the Sheryl Sexton complaint is one of many documents that was provided to me in discovery, the very same document was attached as an exhibit to a lawsuit filed by Sheryl Sexton against the Village of Glenwood and against Officer Willett personally. Case No. 1:06-cv-04225, Docket No. 1, Exhibit A. A copy of that complaint and the attached exhibit, downloaded from the Court's PACER docket, is attached to this memorandum. Because the defendants in that case are represented by the same law firm that represents the defendants in this case, both defendants and their counsel were aware of this fact when they filed this motion against me.

5. Moreover, the Courts of Appeals, including the Seventh Circuit, have consistently held that a trial court may not, even with the consent of both the parties, grant one or more parties "carte blanche to decide what portions of the record shall be kept secret. Such an order is invalid." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). As the Seventh Circuit went on to explain, at page 946 of the opinion, "Most cases endorse a presumption of public access to discovery materials, *e.g., Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d [893,] 897 [(7th Cir. 1994)]; *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Public Citizen v. Liggett Group, Inc., supra,* 858 F.2d at 788-90; *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 162-64 (6th Cir. 1987); *In re 'Agent Orange' Product Liability Litigation, supra,* 821 F.2d at 145-46, and therefore require the district court to make a determination of good cause before he may enter the order." In making such a determination, the Court must ensure that the party seeking a protective order meets its burden of showing the need for confidentiality. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). "Ever since *Continental Illinois*, we have insisted that only genuine trade secrets, or information within the scope of a requirement such as Fed.R.Crim.P. 6(e)(2) ('matters occurring before the grand jury'), may be held in long-term confidence." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). Because the Court has never made the appropriate determination of good cause – indeed, defendant has never provided any detailed justification for a protective order, not to speak of making a showing that meets the Seventh Circuit's standards – it is respectfully suggested that the order was invalid and should be stayed.

6. In addition, the order forbidding me from disclosing any of the documents I obtained in

discovery without a protective order and without any agreement to keep them confidential, and the order forbidding me from discussing publicly even any information contained in those documents is a prior restraint forbidden by the First Amendment. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). "[P]ermanent injunctions — *i.e.*, court orders that actually forbid speech activities — are classic examples of prior restraints." *360 Insight v. The Spamhaus Project*, 500 F.3d 594, 606 (7th Cir. 2007). The impact of this prior restraint is especially onerous because the order applies whether or not the documents are also available publicly and even whether or not we communicate information that is available elsewhere but that is also contained in documents that were obtained in discovery. In effect, the obligation to check through all of the documents obtained in discovery to see whether they contain information that I am ready to communicate in the course of discussing the Village of Glenwood and its officials will have a chilling effect on my right to speak freely about public affairs. Because the order severely restricts my First Amendment rights, it should be stayed pending appeal.

7. The determination of a stay pending appeal depends on the same sort of sliding scale analysis that governs a motion for a preliminary injunction. *Cavel Int'l v. Madigan*, 500 F.3d 544, 547 (7th Cir. 2007). The Court should consider how likely it is that the applicant will prevail on the merits, the degree of irreparable harm that would be avoided by granting the stay, the degree of irreparable harm that a stay would cause, and the public interest. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Here, success on appeal is likely because the Court granted an injunction based on a false assumption – that the document attached to my letter to the mayor and trustees of Glenwood was a secret document when it had, in fact, been

-4-

filed in this very Court several years before by its author – and without considering the proper legal analysis. I will be irreparably harmed by the injunction's interference with my First Amendment rights; indeed, "violations of First Amendment rights are presumed to constitute irreparable injuries" *Id.* at 867, citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976). And although defendants would presumably like to avoid having me criticize them, they have never shown that the disclosure of the documents provided to me in discovery would cause any cognizable harm – they have not even shown that the documents are confidential or privileged. Defendants do not have a legitimate interest, legally cognizable in the balancing analysis, in avoiding the harm of being criticized by their constituents. Moreover, the public interest is served by enforcing my free speech rights.

8. Defendant Willett submitted an affidavit claiming that disclosure of the citizen complaint from Sheryl Sexton caused him injury. However, on August 4, 2006 – more than two years before I attached it to my February 9, 2009 letter – Ms. Sexton had openly filed the same document as an exhibit to her lawsuit against defendant Willett. So, the only harm that defendants have even tried to show was caused by the posting of a publicly filed document.

## CONCLUSION

The motion for a stay pending appeal should be granted. Moreover, both because Lawrence Puch has now complied with the Court's order, and because the order was entered in error, the Court should discharge the order to show cause, and defendant Lawrence Puch should not be held in contempt.

Respectfully submitted,

*Lawrence H. Puch*

-5-

July 2, 2009

*Jennifer C. Puch* (signature)

Lawrence H. Puch

Jennifer C. Puch
235 Ellis
Glenwood, Illinois 60425

Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2009.

*Lawrence H. Puch* (signature)
Lawrence H. Puch

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHERYL SEXTON,                              )
                                            )
                    Plaintiff,              )   06CV4225
                                            )   JUDGE KENNELLY
            vs.                             )   MAGISTRATE JUDGE NOLAN
                                            )
VILLAGE OF GLENWOOD;                        )
ZACHARY COTTON, GLENWOOD                    )
POLICE OFFICER SGT. SANCHEZ;                )
GLENWOOD POLICE OFFICER                     )        FILED
WILLETT, BADGE NO. 225;                     )
                                            )      AUG 0 4 2006
                    Defendants.             )
                                                 MICHAEL W. DOBBINS
                                                 CLERK, U.S. DISTRICT COURT
                    COMPLAINT

NOW COMES, the Plaintiff, SHERYL SEXTON (hereinafter "SEXTON"), by and through her attorney, ROBERT HABIB, and complaining of the Defendants, VILLAGE OF GLENWOOD (hereinafter "GLENWOOD"), ZACHARY COTTON (hereinafter "COTTON"), GLENWOOD POLICE OFFICER SERGEANT SANCHEZ, BADGE NO. 227 (hereinafter "SANCHEZ"), GLENWOOD POLICE OFFICER WILLETT, BADGE NO. 225 (hereinafter "WILLETT") states as follows:

JURISDICTION

1. The United States District Court has jurisdiction pursuant to Title 42 U.S.C. Section 1983, and Title 28 U.S.C. Section 1331, as this is an action for violation of Plaintiff's right to Freedom of Speech and Due Process of

## FACTUAL ALLEGATIONS

8. On or about July 23, 2005, WILLETT stopped SEXTON for an alleged traffic violation. During a pat-down at the rear of the vehicle, WILLETT made inappropriate contact of a sexual nature with SEXTON, when placing her under arrest, for allegedly driving on a suspended driver's license.

9. Subsequently, Plaintiff was acquitted of all charges relating to the traffic stop.

10. On or about July 28, 2005, Plaintiff, who had been extremely humiliated and hurt by Officer WILLETT's groping of her, appeared at the Glenwood Police Department to register a complaint as to the officer's treatment of her.

11. At said time, she met with Deputy Chief ZACHARY COTTON, and wrote down a written report complaining of Defendant WILLETT's physical mistreatment of her. See Exhibit A.

12. That after reviewing her report, Defendant COTTON called in the Glenwood Chief of Police. Both officers then explained to Plaintiff that an outside source would be brought in to investigate her complaint, as it would be improper for the Glenwood Police Department to investigate its own people.

GLENWOOD POLICE DEPARTMENT

Zachary Cotton
Deputy Chief

One Asselborn Way
Glenwood, Illinois 60425
708-753-2420    Fax: 708-753-2405



## OD POLICE DEPARTMENT
## NEL COMPLAINT REPORT

FORM #024

| DATE OF OCCURRENCE | | DATE & TIME REPORTED | | |
|---|---|---|---|---|
| 7-23-05 4:25 | Glenwood/Ver Rd + Cottage Grove | 7-28-05 3:40 PM | | |
| NAME OF COMPLAINANT | RESIDENCE ADDRESS | RESIDENCE PHONE | AGE | SEX |
| Sheryl Sexton | 5460-A WRT 17  60901 | 815 802 0052 | 35 | F |
| BUSINESS NAME | BUSINESS ADDRESS | BUSINESS PHONE | | |
| | | | | |
| WITNESS #1: NAME | WITNESS #1: ADDRESS | WITNESS #1: PHONE | AGE | SEX |
| Jeff Fink | 1 Frontage Rd Glenwood | 708 705 6994 | 50 | M |
| WITNESS #2: NAME | WITNESS #2: ADDRESS | WITNESS #2: PHONE | AGE | SEX |
| | | | | |
| OFFICER #1: NAME | OFFICER #1: DESCRIPTION | OFFICER #1: BADGE # | UNIFORMED (CHECK) | |
| Bennent | | | YES | |
| OFFICER #2: NAME | OFFICER #2: DESCRIPTION | OFFICER #2: BADGE # | UNIFORMED (CHECK) | |
| Willett | | | YES | |

**DESCRIBE DETAILS OF OCCURRENCE (USE REVERSE SIDE IF ADDITIONAL SPACE IS NEEDED)**

~~During a traffic stop~~ I was signaled to pull over by the officer. He approached my vehicle and after some questions ~~s~~ he asked me to get out of the car. I walked to the back of the car and emptied my pockets per the officers request. ~~While~~ Then he pulled my pants away from my body and began to insert his hands down ~~on~~ my pants, exposing me. ~~He~~ felt my body in front/back (lower mid section). He put his hands on my breasts ~~~~ (abdomen) and felt my chest and back ~~~~ I was feeling faint and in quite shock from the above happening. I was told to stop acting antsy, I said I'm

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

X _Sheryl Sexton_
COMPLAINANT'S SIGNATURE

7-28-05    409
DATE & TIME SIGNED

WITNESS TO AFFIDAVIT: Zachary Cotton 202

5460-A WRT 17 Kankakee
RESIDENCE ADDRESS

815 802 0052    35
PHONE    AGE

Exhibit A    ☐ FOUNDED

not feeling well, It was a heat temperature record break day. I was then told by the officer to take off my shirt, ~~Until minus~~ I was also told not to show my emotions ~~or~~ don't cry. ~~Ibraa~~ 40 mins Prior to this happening i was informed of a close friend died, which brought up unresolved feeling I have concerning my husbands suicide. I was ~~told to~~ take off my shoes, ~~~~ then the male officer proceeded to massage my feet, while the third officer stood by and watched him perform his fondling of my body. There were 3 male officers present. Eventually a female officer arrived and searched me twice. ~~Once~~ in the parking lot then back at the station. I also was asked ~~~~ while in the holding area of the police station, very deviantly the officer asked if i am a blond, or really a Red head after the fact he looked down my pants and felt me.



SS

SS

SS

X [signature]
Witness _____
Date 7/28/05 9:09

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LAWRENCE H. PUCH
_____
Plaintiff(s)

CASE No. 05 C 1114

vs.

JUDGE: GOTTSCHALL

VILLAGE OF GLENWOOD
_____
Defendant(s)

## PROOF OF SERVICE

TO: LITCHFIELD CAVO
303 W MADISON
CHICAGO, IL 60606

TO: _____

I, the undersigned (plaintiff/~~defendant~~), certify that on the 2 day of JULY 2009, I served a copy of this MOTION directed by way of U.S. MAIL to each person whom it is

Signature _Lawrence H. Puch_
Name LAWRENCE H. PUCH
Address 235 ELLIS
City/Zip GLENWOOD 60425
Telephone 708-758-7588