3118-138

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAWRENCE  H. PUCH and )
JENNIFER C. PUCH, )
)
Plaintiffs, ) Case No. 05 C 1114
v. )
) Judge Joan B. Gottschall
VILLAGE OF GLENWOOD, ILLINOIS, ) Magistrate Judge Mason
KEVIN WELSH, GLENWOOD CHIEF OF )
POLICE, Individually and in his official Capacity; )
OFFICER TH. JOHNSON, Glenwood Police )
Department, Individually and in his official )
capacity; OFFICER JOE WILLETT, Glenwood )
Police Department, Individually and in his official )
Capacity; the GLENWOOD POLICE )
DEPARTMENT, OTHER UNKNOWN )
OFFICERS of the Glenwood Police Department, )
and OTHER UNKNOWN OFFICERS, )
)
Defendants. )

**MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S FALSE
ARREST, ASSAULT, CONSPIRACY, AND INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS CLAIMS**

NOW COME the defendants, Joseph Willett and Thomas Johnson, by their attorneys,

LITCHFIELD CAVO, LLP, and pursuant to FRCP 12(c), move for entry of an order granting

them judgment on the pleadings as to plaintiff's false arrest claims.  In support thereof, the

defendants state as follows:

I.     **Introduction**

This lawsuit arises from an incident where the defendants, Thomas Johnson and

Joseph Willett, entered the home of the plaintiffs, Lawrence and Jennifer Puch.  Plaintiffs filed a

seven-count complaint, alleging violations of their Fourth Amendment rights, assault,

conspiracy, negligent training and supervision, and two counts of intentional infliction of

emotional distress as well as counts for *respondeat superior* and indemnification. On September 25, 2008, this court entered a memorandum opinion and order in connection with the summary judgments brought on behalf of the defendants and the plaintiffs' motion for partial summary judgment. (See Dkt. 188). Johnson and Willett's motions were granted in part and denied in part, while Puch's motion was denied in its entirety. As for Lawrence Puch's excessive force claim, this court entered summary judgment in favor of Willett, but denied Johnson's motion, albeit without prejudice. As to Count II, assault, Willett's motion was granted in its entirety, while Johnson's was granted as to Mrs. Puch's claim, only. The defendants' motion directed to Count III, conspiracy, was granted in part and denied in part. As to Count VII, intentional infliction of emotional distress, defendants' motions were denied without prejudice.

In its opinion, this court noted that if "no *Heck* bar exists, and if the jury finds for Mr. Puch on the underlying Fourth Amendment, assault and/or conspiracy claims, it might also conclude that a reasonable person would find such actions by a police officer to be extreme, outrageous and intended to inflict emotional harm." Dkt. 188 at 19.

On May 25, 2010, Puch was found guilty of resisting arrest. Puch did not appeal his conviction, and thus his Fourth Amendment and assault claims are *Heck* barred.

## II.    Legal Standard

Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. See FRCP 12(c) and *Northern Indiana Gun and Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). As with Rule 12(b) motions, a district court may grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Craigs, Inc.*, *v. General Electric Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993). Consequently, to succeed, the moving party must demonstrate that

there are no material issues of fact to be resolved. *Northern Indiana Gun and Outdoor Shows*, 163 F.3d at 452.

The court is to view the facts of the complaint in the light most favorable to the non-moving party, but is not required to ignore any facts set forth in the complaint that undermine the plaintiff's claim or assign any weight to unsupported conclusions of law. *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Company*, 895 F.2d 279, 281 (7th Cir. 1989).

The district court may, when ruling on a Rule 12(c) motion, consider "any facts of which the court will take judicial notice." *LeClercq v. Lockformer Company,* 2002 WL 31269491 at *2. As a general rule, courts are not to consider matters outside of the pleading when ruling on either a 12(b)(6) or 12(c) motion. But the courts have crafted a "narrow exception to this rule to permit a district court to take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Consequently, the district courts frequently employ judicial notice to take notice of the contents of court records. *Id*. at 1081-83. Additionally, the district court may take judicial notice of finding a fact it made in a prior proceeding. *Id.*

III. **Facts**

After the court ruled on the parties' summary judgment submissions, the following counts remained pending:

- Count I, excessive force, as to Officer Johnson, and false arrest as to both Johnson and Willett;
- Count II, assault, as to Officer Johnson, only;
- Count III, state law conspiracy remains pending as to Puch's excessive force claim directed to Johnson and with respect to Puch's false arrest claim;
- Count VIII, intentional infliction of emotional distress.

3

After several detours, Puch's criminal case went to trial on May 25, 2010. Puch was tried and found guilty of resisting arrest. Puch did not file a post-trial motion, a notice of appeal, or otherwise attempt to have his conviction set aside.

## IV. Puch's Remaining Federal Claims Are Barred By *Heck v. Humphrey* Because They Necessarily Imply That His Underlying Criminal Conviction Is Invalid

### A. Puch's excessive force claim fails.

Puch's excessive force claims are barred because *Heck v. Humphrey*, 512 U.S. 477 (1994) precludes collateral attacks on criminal convictions through litigation under 42 USC §1983. In this matter, Puch alleges that Johnson physically grabbed him, forced him to his knees and handcuffed him before he was told he was under arrest. In the criminal complaint, Johnson alleged that Puch resisted arrest by "[pushing] away from Tom Johnson during the arrest process." (See Plaintiffs' Response to Defendant s' Rule 56.1 Statement, Dkt. 132 at 59). Puch denies that he confronted the officers, that he screamed at them, moved toward them, and denied that he was told that he was under arrest before he was physically restrained. Additionally, Puch denies that he refused to put his hands behind his back. (See Plaintiffs' Response to Defendant s' Rule 56.1 Statement, Dkt. 132, paragraphs 55-59). According to Puch, despite offering no resistance, Johnson physically grabbed him, forced him to his knees and handcuffed before being told he was placed under arrest. (*Id*. at 57). But on May 15, 2010, a jury convicted Puch of resisting arrest. As a result, Puch's claims, including his state law claims, are barred.

*Heck* teaches that a §1983 claim is barred where a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence unless a plaintiff can demonstrate that the conviction has been reversed, expunged or called into question by the grant of a petition for *habeas corpus*. *Heck*, 512 U.S. at 486-487. But if the civil action, even if successful, will not demonstrate the invalidity of the plaintiff's criminal conviction, the action

should be allowed to proceed.  *Id*.  Whether a claim is barred by *Heck* turns on the plaintiff's allegations and the "theoretical possibility of a judgment for the plaintiff based on findings that do not call his conviction into question is irrelevant if the plaintiff's own allegations foreclose that possibility.  *Wooten v. Law*, 118 Fed.Appx. 66, 69 (7th Cir. 2004).

To determine whether *Heck* bars Puch's excessive force claim, the court must decide whether the claim, if successful, necessarily would imply the invalidity of his resisting arrest conviction.  Guidance is provided by *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010).  Evans alleged that he was "beaten mercilessly [by the defendant police officers] both before and after the officers placed him into custody.  *Id.* at 563.  The Seventh Circuit held that *Heck* barred the plaintiff from pursuing an excessive force claim premised on the theory "that he did not resist being taken into custody," for that theory would be incompatible with plaintiff's resisting arrest conviction.  *Id.* at 364.  The court, however, held that *Heck* would not bar the excessive force claim if the plaintiff proceeded on the theories "that the police used excessive force to effect custody" and that the police beat him severely even after reducing him to custody."

As this court noted, it is Puch's contention that, despite offering no resistance, Johnson physically grabbed him, forced him to his knees, and handcuffed him before he was told that he was under arrest.  The misdemeanor complaint filed against Puch states that he resisted a police officer, "and that he pushed away from Don Johnson during the arrest process."  (Dkt. 188 at page 12).  *Heck* bars Puch's excessive force claim because a judgment in his favor would be incompatible with his resisting arrest conviction.

Puch's excessive force claim cannot co-exist with his conviction because it implies that he did not resist being placed into custody.  Additionally, it also implies that Officer Johnson, when he, in Puch's words, "forced him to the floor," used excessive force.  Since Puch has been

found guilty of resisting arrest, his assertion that he did not oppose being taken into custody contradicts his conviction. Since Puch has been convicted of resisting arrest, the conduct he ascribes to Johnson – grabbing him and forcing him to his knees – cannot be considered unreasonable, and thus did not violate the Fourth Amendment. In determining whether the force Johnson used during the arrest was "objectively reasonable," this court is to look to the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Clash v. Beatty*, 77 F.3d 1045, 1047 (7th Cir. 1996). Additionally, as the Supreme Court explained in *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 1871-72:

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. A calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving – about the amount of force that is necessary in a particular situation.

Physically grabbing and forcing a resisting arrestee to his knees and handcuffing him is not excessive or unreasonable and does not violate the Fourth Amendment. Accordingly, *Heck* bars Puch's excessive force claim.

**B.** ***Heck* bars plaintiff's Fourth Amendment false arrest claim.**

*Heck v. Humphrey* prevents a collateral attack on a conviction through the vehicle of a civil suit. The Supreme Court has noted that before the *Heck* bar applies, there must be a clear nexus between the plaintiff's conviction and the wrongful government action. See *Nelson v. Campbell*, 541 U.S. 637, 647 (2004). The Seventh Circuit has elaborated on the nature of this nexus, stating that "a plaintiff need not prove that any conviction stemming from an incident with the police has been invalidated, only a conviction that could not be reconciled with the claims of a civil action." *Van Gilder v. Baker*, 435 F.3d 689, 692 (7th Cir., 2002). A claim barred by the *Heck* doctrine is deemed not cognizable under §1983 until the plaintiff can show

that his claim meets the doctrine's requirements. *Heck*, 512 U.S. at 487. For *Heck* to apply, there must first be a conviction or sentence. 512 U.S. at 46-87.

Here, there is no dispute that Puch was convicted of resisting arrest and sentenced to a term of supervision. An order of court supervision in Illinois is not a deferred prosecution that avoids an adjudication of guilt. *United States v. Jones*, 448 F.3d 958, 960 (2006). Instead, an adjudication of guilt precedes the disposition of supervision. *Id.* By necessity, a defendant receiving supervision must have pled guilty to the underlying charge, or stipulated to the facts, or have been found guilty of the offense. 730 ILCS 5/5-61(c); *People v. Coleman*, 111 Ill.2d 87, 488 N.E.2d 1009, 1013 (1986). The fact that a defendant has been placed on supervision may be considered as proof he committed the offense. *People v. Sheehan*, 168 Ill.2d 298, 659 N.E.2d 1339, 1343-44 (1995). As a result, Illinois courts reject the contention that supervision cannot be considered conviction under any circumstances. *People v. Hightower*, 138 Ill.App.3d 5, 485 N.E.2d 452, 455 (1985). The successful termination of supervision does not establish that the judicial proceeding did not occur, or suggest that the plaintiff's guilt was not established during trial. *Jones*, 448 F.3d at 961 (dismissal after supervision does not mean a magic wand erases defendant's criminal conduct). Further, a formal finding of guilt in open court followed by a disposition of supervision does not fall outside of *Heck*'s scope merely because Illinois does not deem it a conviction for purposes of disqualification or disabilities statutorily denied to convicted offenders. 730 ILCS 5/5-6-3.1; *Hightower*, 485 N.E.2d at 455.

Since there was a conviction and sentence, this court must determine whether a judgment in Puch's favor on his false arrest claim would imply their invalidity. *Heck*, 512 U.S. at 47. A finding that probable cause existed for resisting arrest defeats Puch's false arrest claim. See *Case v. Milewski*, 327 F.3d 564, 566, 568-69 (7th Cir. 2003) (Rejecting false arrest claim where

plaintiff was charged with several offenses after a single episode but convicted of only one). Whether a conviction or sentence precludes a false arrest claim is to be determined by examining the facts in the particular case at hand. *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004).

A verdict in favor of Puch on his false arrest claim would necessarily impugn the validity of his conviction. Puch's false arrest claim would require the jury to find that there was no probable cause for the charge of resisting arrest. Puch's resisting arrest conviction arose out of the episode that occurred on February 29, 2004, and which led to the filing of charges against him. A finding that probable cause existed for resisting arrest would defeat Puch's false arrest claim, irrespective of whether there was probable cause to substantiate the assault charges. See *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 61 (7th Cir. 2006) ("Existence of any probable cause to arrest precludes a §1983 suit for false arrest;"). *Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991) (Existence of probable cause is absolute bar to wrongful arrest claim).

The evidence against Puch relating to the false arrest charge was provided by Willett and Johnson. Puch unsuccessfully challenged their testimony in state court. In order for Puch to prevail in this lawsuit, the jury would have to believe Puch's version of the facts, namely, he did not commit any offenses leading to his arrest, including, but certainly not limited to, resisting arrest. Since a judgment on that ground would impugn the state court's finding of guilt, Puch's false arrest claim is barred by *Heck*.

### C. Puch's assault claim is barred by collateral estoppel.

Collateral estoppel bars a party from re-litigating an issue decided in a previous proceeding. *Herzog v. Lexington Township*, 167 Ill.2d 288, 657 N.E.2d 926, 929 (1995). Defensive collateral estoppel occurs when the defendant seeks to prevent the plaintiff from asserting a claim which the plaintiff has previously litigated and lost. *In Re Owens*, 125 Ill.2d

390, 532 N.E.2d 248, 250 (1988). To invoke the doctrine of collateral estoppel, the defendant must establish that (1) the issue decided in the prior adjudication is identical to the issue presented in the current case; (2) the prior adjudication resulted in a final judgment on the merits; and (3) the plaintiff was a party or is in privity with a party in the prior adjudication. *Illinois State Chamber of Commerce v. Pollution Control Board*, 78 Ill.2d 1, 398 N.E.2d 9, 11 (1979). Under Illinois law, a criminal conviction estops a defendant from contesting in a subsequent civil proceeding the facts established and the issues decided in the criminal proceeding. *Talarico v. Dunlap*, 177 Ill.2d 185, 685 N.E.2d 325, 328-29 (1997).

At Puch's previous criminal trial, a jury found him guilty of resisting or obstructing a police officer. Puch did not challenge his conviction in either a post-trial motion or by filing an appeal. Consequently, if the trier of fact were to find that Officer Johnson committed an assault, it would have to find that Johnson unlawfully used excessive force in effectuating Puch's arrest. See 720 ILCS 5/12-1 (A person commits an assault when, **without lawful authority**, he engages in conduct which places another in reasonable apprehension of receiving a battery) (emphasis added). Since the jury in the criminal trial found Puch guilty of resisting or obstructing a peace officer, it also found that Johnson's actions were lawful. Since Johnson acted lawfully, Puch is estopped from litigating his claim of assault. As a result, this court should enter judgment on the pleadings in favor of Johnson on Puch's assault claim.

> **D.    Since Puch suffered no constitutional injury, his conspiracy claim fails.**

Puch's conspiracy claim also fails under the *Heck* doctrine. When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the

complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Simpson v. Rowan*, 73 F.3d 134, 136, (7th Cir. 1995).

In order to establish a *prima facie* case of civil conspiracy under §1983, Puch is required to show (1) an express or implied agreement among defendants to deprive him of his constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Puch contends that Johnson and Willett conspired to deprive him of his Fourth Amendment right to be free from unreasonable searches and seizures. He also claims they conspired to deprive him of the right to be free from having police officers present false evidence against him.

Here, it is undisputed that Puch was convicted of resisting arrest, and Puch's conviction has not been annulled. Obviously, a judgment in favor of Puch on any conspiracy claim would necessarily imply the invalidity of his conviction, as it would suggest that the officers did not have probable cause to arrest him, and would also suggest that the testimony they offered at trial was false. Further, his claim fails because, as established above, Puch is unable to establish the requisite constitutional violation, inasmuch as *Heck* bars both his false arrest and excessive force claims. Accordingly, this court should enter judgment in favor of the defendants and against Puch as to Puch's conspiracy claim.

E.    **The doctrine of collateral estoppel bars Puch's intentional infliction of emotional distress claim.**

Under Illinois law, an intentional infliction of emotional distress claim requires proof of the following: First, the conduct involved must be truly extreme and outrageous; second, the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and third, the conduct must, in fact, cause severe emotional distress. *McGrath v. Fahey*, 126 Ill.2d 78, 533

10

N.E.2d 806, 809 (1988). This tort does not encompass mere insults, indignities, threats, annoyances, petty oppression and trivialities. Instead, liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency. *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 360 N.E.2d 765, 767 (1977).

In situations involving unlawful arrests or excessive force, there must be more than just a lack of probable cause or some excessive force. To qualify as extreme and outrageous, the force must be very extreme or cause very severe physical injury. See *Barron v. Sullivan*, 1997 WL 158321 *11-12 (N.D. Ill. March 31, 1997); *Carr v. Village of Richmond*, 1996 WL 663921 *7-8 (N.D. Ill. November 15, 1996); *Varvaris v. Delia*, 1996 WL 52187 *4 (N.D. Ill. September 11, 1996); *Stevens v. City of Chicago*, 1996 WL 480389 *2 (N.D. Ill. August 20, 1996).

Here, a jury found Puch guilty of resisting arrest, and therefore Puch cannot satisfy the requirement of showing extreme and outrageous conduct. The existence of probable cause defeats Puch's IIED claim. Moreover, the force used to arrest Puch was not exceptionally severe. In other words, Puch's arrest and seizure did not rise to the level of extreme and outrageous conduct, especially since Puch was resisting arrest. Puch testified that he offered no resistance, was physically grabbed, forced to his knees, and handcuffed before he was told that he was under arrest. The jury, however, found that he did, in fact, resist arrest. Consequently, Johnson's action of physically grabbing and forcing Puch to his knees so he could be handcuffed may not, as a matter of law, be considered either extreme or outrageous.

## V. Johnson Is Entitled To Qualified Immunity With Respect To Puch's Excessive Force Claim

Government officials performing discretionary functions generally are shielded from liability for civil damages "insofar as their conduct does not violate clearly established statutory

or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727-2738 (1982); *Denius v. Dunlap*, 219 F.3d 944, 950 (7th Cir. 2000). This doctrine protects an official from suit when he "makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances he confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). The defense of qualified immunity will bar a §1983 claim against the named defendant in its individual capacity if a reasonable official could have believed, in light of clearly established law and the information he possessed, that his actions were lawful. *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534 (1991). The reasonableness standard is an objective one. *Harlow*, 547 U.S. 800, 818-19. When the defense of qualified immunity is raised, the district court must resolve two questions: (1) Does the conduct the plaintiff attributes to the defendant set out a constitutional violation? and (2) Were the constitutional standards clearly established at the time in question? *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001). Whether a defendant is entitled to qualified immunity "turns on the objective reasonableness of the actions taken by the defendant. *Hall v. Ryan,* 950 F.2d 401, 401 (7th Cir. 1992); *Anderson v. Creighton*, 483 U.S. 639, 107 S.Ct. 3034, 3038 (1987).

Since Puch was convicted of resisting arrest, he is no longer able to state a cognizable violation of his constitutional right to be free from excessive force. It is undisputed that Puch was convicted of resisting arrest. Puch argued, unsuccessfully, that he was compliant and did not offer any resistance, whatsoever, while Johnson placed him into custody. But since Puch has been convicted, the force Johnson used to place him under arrest – as described by Puch in his deposition testimony – cannot be considered unreasonable or excessive. According to Puch, Johnson grabbed him and forced him to his knees and placed him in handcuffs. Inasmuch as Puch resisted arrest, the force that Johnson allegedly used, grabbing Puch and forcing him to his

knees, cannot be considered unreasonable, and thus would not sustain a violation of the Fourth Amendment. Puch's resisting arrest conviction precludes him from satisfying the first prong of the qualified immunity inquiry.

Puch is also unable to meet his burden of proving a clearly established right. A reasonable officer, confronted with Puch's non-compliance and resistance, would have concluded that the measure of force Johnson used to make the arrest did not violate the constitution.

**VI.  Conclusion**

To allow Puch to prosecute his federal claims would necessarily imply or suggest that his criminal conviction is invalid. As a result, Puch's remaining federal claims should be dismissed pursuant to Rule 12(c). The doctrine of collateral estoppel bars Puch's assault claim, inasmuch as he is unable to show that the officers' use of force was illegal or otherwise improper. His conspiracy claim should be dismissed because Puch is unable to establish an underlying constitutional violation, as *Heck* precludes him from litigating either his false arrest or excessive force claims. Puch's IIED claim fails because the jury's finding that he resisted arrest establishes, as a matter of law, that the officers' conduct was neither extreme nor outrageous. Finally, Puch is unable to defeat Johnson's assertion of qualified immunity (with respect to the excessive force claim).

Respectfully submitted,

LITCHFIELD CAVO, LLP.

Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP                      By:    /s/ Patrick J. Ruberry
303 West Madison Street , Suite 300                Attorneys for the defendants,
Chicago, IL 60606-3300                             Officer Thomas Johnson, and
(312) 781-6677                                      Officer Joseph Willett
(312) 781-6630 fax

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served the foregoing Motion for Judgment on the Pleadings as to Plaintiff's False Arrest, Assault, Conspiracy, and Intentional Infliction of Emotional Distress Claims by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on the 16th day of March, 2012, and by mailing a copy via regular U.S. mail, with proper postage prepaid, to:

Lawrence H. Puch
235 Ellis
Glenwood, IL 60425


/s/ Patrick J. Ruberry
Attorneys for the defendants,
Officer Thomas Johnson, and
Officer Joseph Willett


Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street , Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax