

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE H. PUCH and<br>JENNIFER C. PUCH,<br><br>Plaintiffs,<br><br>vs.<br><br>VILLAGE OF GLENWOOD, ILLINOIS;<br>KEVIN WELSH, GLENWOOD CHIEF<br>OF POLICE, Individually and in his<br>official capacity; OFFICER TH. JOHNSON,<br>Glenwood Police Department, Individually<br>and in his official capacity; OFFICER JOE<br>WILLETT, Glenwood Police Department,<br>Individually and in his official capacity; the<br>GLENWOOD POLICE DEPARTMENT,<br>OTHER UNKNOWN OFFICERS of the<br>Glenwood Police Department, and OTHER<br>UNKNOWN OFFICERS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILED<br>APR - 3 2012 JH<br>APR. 3, 2012<br>THOMAS G. BRUTON<br>CLERK, U S. DISTRICT COURT<br><br>05 C 1114<br><br>Judge Joan B. Gottschall<br><br>Magistrate Judge Mason<br><br>Jury Demanded |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT

Heck v. Humphery is about a prisoner in Indiana named Heck who was convicted of killing his wife. He filed a federal lawsuit, pro se, on the claim that defendant, prosecutor Humphery, had engaged in unlawful acts that led to his conviction. The Seventh Circuit rejected this lawsuit, reasoning: if the plaintiff's lawsuit is complaining about an unlawful conviction, the conviction must be overturned for the possibility of success. "Heck" says nothing about a false arrest where there wasn't a conviction. "Heck" spoke about qualified immunity for a prosecutor based on common law. "Heck" said nothing about qualified immunity for police officers.

Mr. Puch was convicted of resisting arrest. The false arrest claim for resisting arrest is the only matter that is relevant to "Heck". Defendants motion should be denied regarding the dismissal of other claims that are set for trial.

A. Defendant claims that "Heck" bars plaintiff's excessive force claim. On page five of his motion he points out that the Seventh Circuit held that: "Heck would not bar the excessive force claim if the plaintiff proceeded on the theory that police used excessive force after custody or to effect custody. Both of these theories exist in the Puch case.

1. Mr. Puch testified that Officer Johnson used excessive force after Mr. Puch was in custody: "Johnson used handcuffs as a weapon to create pain" (see exhibit A, July 17, 2006; deposition of Lawrence H. Puch, page 28 lines 1-2; pages 35 and 36 lines 20-14)

2. On page five of defendant's motion he states: "the court has noted Puch's contention that despite offering no resistance, Johnson physically grabbed him, forced him to his knees, and handcuffed him before he was told that he was under arrest". The defendant can argue against facts alleged by the plaintiff. The defendant cannot argue that there are no triable facts when he lists them in his own motion.

Defendant states a conclusion that an excessive force claim cannot co-exist with a conviction because it implies that he did not resist. There is no logic presented to support this conclusion. The court should not assign any weight to unsupported conclusions. R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Company, 895 F.2d 279, 281(7th Cir. 1989) Furthermore, the defendant never cites the Seventh Circuit ruling that way. Plaintiff cannot respond to logic or case law that isn't presented for consideration.

**B.** Defendant argues that "Heck" bars plaintiff's false arrest claim. On page seven he states that Puch was convicted of resisting arrest. Nowhere, does defendant deny that the lawsuit contains numerous claims of false arrest. Nowhere, does defendant argue against plural arrests with plural claims against false arrest.

**C.** Defendant argues that because Puch was convicted of resisting arrest, he can't claim that he was assaulted by Officer Johnson. He provides no case law for response about any case where assault by an officer was dismissed because of a conviction for resisting arrest.

What the defendant does is use the term "doctrine of collateral estoppel". On page nine the defendant states that it is his burden to establish "the issue decided in the prior adjudication is identical to the issue presented in the current case". Resisting arrest by Mr. Puch is not identical to assault by Officer Johnson. These are two different acts by two different people. At Puch's previous trial the act of Johnson's assault was never tried because Johnson was never on trial.

**D.** Defendant argues the "Heck" doctrine means that there cannot be a claim by Puch for conspiracy. The defendant cannot cite even one case where a claim about conspiracy was dismissed because of "Heck".

What the defendant does do is list the requirements that Puch must show to establish his conspiracy complaint.

1. An expressed or implied agreement among defendants to deprive him of constitutional rights.

2. Actual deprivation of those rights in the form of overt acts in futherence of that agreement.

The defendant does not argue that the "Heck" case involved either of these requirements.

Puch is not required to show that these requirements have been met in this motion. That is what a trial is for. The court has already taken judicial notice of the facts concerning this claim and has set this matter for trial.

Defendant presents the conclusion on page nine that a judgment in favor of plaintiff's conspiracy claim would necessarily imply the invalidity of his conviction for resisting arrest. There is no logic to support this conclusion. The court should not assign any weight to unsupported conclusions. R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Company, 895 F.2d 279, 281 (7th Cir. 1989)

E. Defendant argues that the doctrine of "collateral estoppel" bars Puch's intentional infliction of emotional distress claim. On page nine, the defendant states that it is his burden to establish "the issue decided in the prior adjudication is identical to the issue presented in the current case". Resistance to arrest by Mr. Puch is not identical to infliction of emotional distress by Officer Johnson. These are two different acts by two different people. At Puch's previous trial the act of Johnson's intentional infliction of emotional distress was never tried because Johnson was never on trial.

On page ten, the defendant lists three requirements of proof for the intentional infliction of emotional distress.

1. Conduct must be truly extreme and outrageous.

2. Actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress.

3. The conduct must, in fact, cause severe emotional distress.

The defendant does not argue that any of these requirements was decided in a prior adjudication.

The court has already taken judicial notice of triable facts concerning intentional infliction of emotional distress. Puch does not have the burden to prove any of these facts in this motion.

V. Defendant claims that Johnson is entitled to "qualified immunity" with respect to Puch's excessive force claim. This motion is not the proper place to go over every issue of law and fact concerning "qualified immunity". This matter has already been settled by the court. Mr. Puch has no burden to defeat the issue of "qualified immunity" in this motion.

Defendant states a conclusion on page twelve: "since Puch was convicted of resisting arrest, there is no longer a right to be free of excessive force". The defendant brought up this same issue in (A) and there was a response to it. The defendant cannot cite even one case where there is no longer a right to be free of excessive force. This is a faulty premise that lacks any substance that the plaintiff can respond to.

3.

**VI.** Defendant's conclusion: Puch's remaining federal claims should be dismissed. The defendant's motion never argues that the claims for false arrest concerning the arrest for assaulting a police officer should be dismissed. Demands for relief cannot be granted when there were no pleadings for that relief.

1. Officer Johnson placed Mr. Puch under arrest for assaulting a police officer. Plaintiff's Rule 56.1 Statement of Material Facts, Exhibit 2 (Johnson Dep. at p.117, lines7-9) Dkt127.

2. The misdemeanor complaint signed and sworn to by Officer Johnson, charging Mr.Puch with assaulting a police officer claims that Mr.Puch "shook and swung his fist at Johnson". Plaintiff's Rule 56.1 Statement of Material Facts, Exhibit 6 (assault misdemeanor complaint) Dkt127.

3. Officer Johnson testified that Mr.Puch never shook or swung his fist at Johnson. Plaintiff's Rule 56.1 Statement of Material Facts, Exhibit 2 (Johnson's Dep. at p.122, lines 2-7) Dkt127.

4. Officer Willett testified that Mr.Puch never shook or swung his fist at Johnson. Plaintiff's Rule 56.1 Statement of Material Facts, Exhibit 3 (Willett Dep. at p. 83, lines 1-6) Dkt127

5. Mr.Puch was found not guilty of assaulting a police officer in State Court.

Defendant's motion never denies the triable facts listed above. Defendant's motion never denies that there where a series of arrests. Defendant's motion never argues that "Heck" bars every claim for false arrest when there are a series of arrests.

The plaintiff asks the court to deny this motion.


Lawrence H. Puch, attorney for self
235 Ellis, Glenwood, IL 60425
708-758-7588

*Lawrence H. Puch*

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE H. PUCH and JENNIFER PUCH, ) ) ) Plaintiffs, ) ) -vs- ) ) VILLAGE OF GLENWOOD, ) ILLINOIS; KEVIN WALSH, ) GLENWOOD CHIEF OF POLICE, ) Individually and in his ) official capacity; OFFICER ) JOE WILLETT, Glenwood ) Police Department, ) Individually and in his ) official capactiy, the ) GLENWOOD POLICE DPEARTMENT;) OTHER UNKNOWN OFFICERS of ) the Glenwood Police ) Department; and OTHER ) UNKNOWN OFFICERS, ) ) Defendants. ) | Case No. 05 C 1114 |

The Discovery Deposition of LAWRENCE H. PUCH, taken in the above-entitled case before KATHLEEN J. PACULT, a Certified Shorthand Reporter within and for the County of Cook, State of Illinois, taken pursuant to the provisions of the Federal Rules of Civil Procedure and the Rules of the Supreme Court thereof pertaining to the taking of depositions for the purpose of discovery, taken on the 17th day of July 2006, at the hour of 1:48 p.m., at 617 West Fulton Street, Chicago, Illinois.

| | | | |
|---|---|---|---|
| 1 | A. | No. The only weapon they used on me | 14:14:18 |
| 2 | was the handcuffs. | | 14:14:21 |
| 3 | Q. | How tall are you, sir? | 14:14:22 |
| 4 | A. | 6'4". | 14:14:25 |
| 5 | Q. | How much did you weigh back on | 14:14:27 |
| 6 | February 29, 2004? | | 14:14:31 |
| 7 | A. | I would say that I weighed 255, | 14:14:32 |
| 8 | 260 pounds. | | 14:14:38 |
| 9 | Q. | Do you ever lift weights? | 14:14:39 |
| 10 | A. | Yes. | 14:14:43 |
| 11 | Q. | How often do you lift weights? | 14:14:43 |
| 12 | A. | I haven't lifted weights for a couple | 14:14:46 |
| 13 | of years. | | 14:14:49 |
| 14 | Q. | Did you lift any weights back in | 14:14:50 |
| 15 | February of 2004? | | 14:14:52 |
| 16 | A. | I don't remember. | 14:14:53 |
| 17 | Q. | Is there anything that would refresh | 14:14:53 |
| 18 | your recollection on that point? | | 14:14:56 |
| 19 | A. | No. | 14:14:57 |
| 20 | Q. | Have you ever belonged to a health | 14:14:58 |
| 21 | club? | | 14:15:05 |
| 22 | A. | Yes, I have. | 14:15:05 |
| 23 | Q. | Do you currently belong to a health | 14:15:06 |
| 24 | club? | | 14:15:09 |

| | | |
|---|---|---|
| 1 | weapon in his hand? | 14:22:09 |
| 2 | A. No. | 14:22:10 |
| 3 | Q. And while you were -- Strike that. | 14:22:10 |
| 4 | During the course of your arrest | 14:22:10 |
| 5 | on February 29, 2004, did either officer say to you | 14:22:12 |
| 6 | that -- Strike that. | 14:22:16 |
| 7 | During the course of your arrest | 14:22:18 |
| 8 | on February 29, 2004, did either of the two officers | 14:22:20 |
| 9 | say they were looking for the chance to "take you | 14:22:26 |
| 10 | down"? | 14:22:30 |
| 11 | A. No. | 14:22:31 |
| 12 | Q. That was never -- those words were | 14:22:31 |
| 13 | never expressed to you, is that correct? | 14:22:33 |
| 14 | A. In 2004 they were never expressed, | 14:22:35 |
| 15 | correct. | 14:22:38 |
| 16 | Q. And no words similar to that were ever | 14:22:38 |
| 17 | expressed to you during the course of your arrest, | 14:22:41 |
| 18 | isn't that true? | 14:22:46 |
| 19 | A. I would say it is not true. | 14:22:47 |
| 20 | Q. What words, if any, were said to you | 14:22:49 |
| 21 | during the course of your arrest that you construed | 14:22:51 |
| 22 | as a threat? | 14:22:54 |
| 23 | A. The police officer twisted my | 14:22:56 |
| 24 | handcuffs and told me that this is what you get when | 14:23:00 |

```
 1   you -- and I don't remember what the rest of what he    14:23:06
 2   said.                                                    14:23:11
 3        Q.     Is there anything that would refresh         14:23:11
 4   your recollection on that point?                         14:23:14
 5        A.     No.                                          14:23:15
 6        Q.     Now, following your arrest, did you          14:23:15
 7   take any type of notes about what occurred?              14:23:18
 8        A.     No.                                          14:23:21
 9        Q.     Which officer twisted the handcuffs?         14:23:28
10        A.     Johnson.                                     14:23:33
11        Q.     How did he twist the handcuffs?              14:23:35
12        A.     He put his hand on the handcuffs,            14:23:40
13   which were attached to me, and started jerking them      14:23:42
14   and twisting them in a rough manner.                     14:23:46
15        Q.     When was this -- where were you when         14:23:49
16   this happened?                                           14:23:50
17        A.     I was in front of my house.                  14:23:50
18        Q.     Who else was present?                        14:23:52
19        A.     I don't know.                                14:23:53
20        Q.     Any other lawsuits -- Strike that.           14:23:55
21               Any other arrests?                           14:24:25
22        A.     I was arrested, I believe it was in          14:24:30
23   2003 for battery.                                        14:24:33
24        Q.     Which police agency arrested you back        14:24:38
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAWRENCE H. PUCH
Plaintiff(s)

vs.

VILLAGE OF GLENWOOD
Defendant(s)

CASE No. 05 C 1114

JUDGE: GOTTSCHALL

## PROOF OF SERVICE

TO: LITCHFIELD CAVO
303 W MADISON
CHICAGO, IL 60606

TO: _____

I, the undersigned (plaintiff/~~defendant~~), certify that on the 3 day of APRIL 2012, I served a copy of this MOTION to each person whom it is directed by way of U. S. MAIL

Signature: Lawrence H. Puch
Name: LAWRENCE H. PUCH
Address: 235 ELLIS
City/Zip: GLENWOOD 60425
Telephone: 708-758-7588