Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 1114 | **DATE** | 1/30/2013 |
| **CASE TITLE** | Puch vs. Village of Glenwood | | |

**DOCKET ENTRY TEXT**

Defendant's motion to reset the trial date [359] is denied. For further details on the trial, see below.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

1. The Schedule for the trial is as follows:
2/11/13 - jury selection will begin at 11am on 2/11/13, or as soon after 11am as defense counsel is available. Even if jury selection is completed, opening statements will not be given on 2/11/13.

2/12/13 - the trial will begin at 10am, or as soon after 10am as the court is available. Opening statements will be limited to 30 minutes per side. There will be a two hour lunch, and the trial will conclude for the day by 4:15pm.

2/13/13 - no trial. The parties will be available for a jury instruction conference from 1:30-4:30pm.

2/14/13, 2/15/13, 2/18/13 - the trial will begin at 9:30am and conclude for the day by 4:30pm.

2. Rulings:
a) Jury Selection - The case will be tried before 8 jurors. In accordance with 28 U.S.C. §1870, each party is entitled to three peremptory challenges, in addition to any challenges granted for cause.

b) The court provided parties with a copy of the court's supplemental voir dire, based on the questions proposed by the parties. Should the parties have any objections to the supplemental voir dire provided by the court, they must object at the second pre-trial conference on 2/5/13.

c) The parties agree that Mrs. Puch is out of the case.

| STATEMENT |
|---|

d) Further rulings on the motions in limine:
1. The court will allow Plaintiff to testify that he has a diagnosis of PTSD. If Defendants wish to provide a jury instruction to the effect that, if there is testimony about Plaintiff's diagnosis, the jury may not decide the case based on sympathy, they must present such an instruction.

2. In order to explain to the jury why the officers were in the house, the court proposes the following instruction: "The police officers received a dispatch call to go to Plaintiff's house. The jury should not concern itself with the reasons for or content of this dispatch, or speculate as to those matters."